IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATARINO REYES, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-1557-N |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

**II.  Background**

Petitioner was convicted of two counts of aggravated sexual assault with a deadly weapon, enhanced. *State of Texas v. Catarino Reyes*, No. F-107188-T (283rd Jud. Dist. Ct., Dallas County, Tex., Feb. 9, 2012). Petitioner was sentenced to fifty years in prison on each count, to run concurrently. On September 11, 2013, Petitioner's conviction and sentence were affirmed on direct appeal. *Reyes v. State*, No. 05-12-00183-CR (Tex. App. – Dallas, 2013, pet. ref'd). On January 15, 2014, the Texas Court of Criminal Appeals denied Petitioner's petition

for discretionary review. PDR No. 1360-13.

On December 30, 2014, Petitioner filed a state habeas petition. *Ex parte Reyes*, No. 83,283-01. On June 3, 2015, the Texas Court of Criminal Appeals dismissed the petition as noncompliant. On July 2, 2015, Petitioner filed a second state habeas petition. *Ex parte Reyes*, No. 83,283-02. On February 17, 2016, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On June 3, 2016, Petitioner filed the instant § 2254. He argues:

1. The prosecution committed misconduct by using perjured testimony and diminishing his right to a jury trial and right to confront witnesses;

2. His trial counsel was ineffective for:

    a. failing to request a lesser included offense instruction;

    b. failing to object to the prosecution's closing argument;

    c. failing to cross-examine a key witness; and

    d. failing to prepare and investigate;

3. The trial court erred by admitting State's Exhibits 2 through 4 and by admitting extraneous offense evidence;

4. His indictment was defective;

5. His sentence was illegally enhanced;

6. The trial judge was biased; and

7. There is "a new standard test for DNA mixture."

On September 7, 2016, Respondent filed her answer arguing, *inter alia*, that the petition is barred by limitations. On September 30, 2016, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

## III.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

On January 15, 2014, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on April 15, 2014. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until April 15, 2015, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was dismissed because it failed to comply with the appellate rules. It therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). Because Petitioner's first state habeas application was not properly filed, it did not statutorily toll the limitations period.

On July 12, 2015, Petitioner filed a second state habeas petition. This petition did not toll the limitations period because it was filed after the AEDPA limitations period expired.

Petitioner was required to file his § 2254 petition by April 15, 2015. He did not file his petition until June 3, 2016. His petition is therefore untimely.

---

28 U.S.C. § 2244(d)(1).

B.   **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he received ineffective assistance of counsel at trial and on appeal, and because he is proceeding *pro se*. Petitioner, however, has not explained how any ineffective assistance of counsel at trial or on appeal prevented him from timely filing his § 2254 petition. The record shows his counsel timely filed a direct appeal. Additionally, a prisoner's *pro se* status does not entitle him to equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling).

Further, a petitioner must diligently pursue his habeas remedies. *See Coleman,* 184 F.3d at 402. Here, Petitioner did not file his first state habeas petition until almost one year after his PDR was denied. Also, after his second habeas petition was denied, he waited over three months to file

his federal petition. Petitioner has failed to show that he was misled by the state or prevented in some extraordinary way from asserting his rights. The Court finds he is not entitled to equitable tolling.

C. **Actual Innocence**

Petitioner states there is "a new standard test for DNA mixture." He does not explain this claim, but he may be arguing that he should be excused from the limitations period because he is actually innocent. The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Petitioner has failed to meet this high standard. He has failed to submit any new evidence to support his claims. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

**IV. Recommendation**

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 17th day of October, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

  A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).